IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DOMINIQUE JEWETT, AND ALL OTHERS SIMILARLY SITUATED UNDER 29 USC 216(B),<br><br>    Plaintiff<br><br>vs.<br><br>SUPERIOR HEALTHPLAN, INC. & CENTENE COMPANY OF TEXAS, L.P.,<br><br>    Defendants. | § § § § § § § § § § § § § § § | NO. CIVIL ACTION NO. 3:16-CV-01068-L |

## DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendants[1] Superior Healthplan, Inc. and Centene Company of Texas, L.P. (hereinafter collectively "Defendants") hereby file their Original Answer to Plaintiff's Original Complaint ("Complaint"). Answers to each paragraph of the Complaint are made without waiving, but expressly reserving, all rights that Defendants may have to seek relief by appropriate motions directed to the allegations of the Complaint. Defendants respond to the Complaint as follows:

Pursuant to the requisites of the Federal Rules of Civil Procedure, Defendants submit their answer and responses to the allegations of Plaintiff's Complaint in numbered paragraph order as delineated in the text. Unless specifically admitted herein, the allegations contained in Plaintiff's Complaint are denied.

---

[1] Plaintiff has improperly named Superior Healthplan, Inc. as her employer and a Defendant in this case. Superior Healthplan, Inc. denies it was Plaintiff's employer.

**DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT– Page 1**

## I.   SUMMARY

1.     Answering Section I, Paragraph 1 of the Complaint, to the extent that an answer is required to the statements therein, Defendants admit only that Plaintiff Dominique Jewett was employed by Centene Company of Texas, L.P. as a Service Coordinator and that she purports to assert a collective action pursuant to the Fair Labor Standards Act ("FLSA"). Defendants deny the remaining allegations contained in Section I, Paragraph 1 of the Complaint.

## II.   PARTIES

1.     Answering Section II, Paragraph 1 of the Complaint, Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Dominique Jewett's current residence and consequently deny the same. The remaining allegations constitute legal conclusions and purported definitions that require neither an admission nor a denial.

2.     Answering Section II, Paragraph 2 of the Complaint, Defendants admit Plaintiff Dominique Jewett was employed by Centene Company of Texas, L.P. as a Service Coordinator. Defendants further admit that Plaintiff purports to define a proposed class, but deny that the proposed class is properly or adequately defined. Defendants deny all remaining allegations contained in Section II, Paragraph 2 of the Complaint.

3.     Answering Section II, Paragraph 3 of the Complaint, Defendants admit Defendant Superior Healthplan, Inc. is a Texas corporation that has appointed C T Corporation System, 1999 Bryan Street, Ste. 900, Dallas, TX 75201-3136 as its agent for service of process.

4.     Answering Section II, Paragraph 4 of the Complaint, Defendants admit Centene Company of Texas, L.P. ("CTX") is a Texas Limited Partnership that has appointed C T

Corporation System, 1999 Bryan Street, Ste. 900, Dallas, TX 75201-3136 as its agent for service of process.

5.  Answering Section II, Paragraph 5 of the Complaint, Defendants admit Superior and CTX are subsidiaries of Centene Corporation.  Centene Corporation is a multi-line healthcare enterprise that provides programs and related services to a number of under-insured and uninsured individuals. Some of its subsidiaries, including Defendants, are companies that operate government sponsored health insurance plans. Except as specifically admitted, Defendants deny all other allegations contained in Section II, Paragraph 5.

### III.   JURISDICTION AND VENUE

6.  Answering Section III, Paragraph 6 of the Complaint, Defendants state that Section III, Paragraph 6 contains legal conclusions to which no response is required. To the extent a response is required, Defendants do not dispute the jurisdiction of this Court. Defendants deny that they have violated or are violating the FLSA.

7.  Answering Section III, Paragraph 7 of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation regarding whether "the events forming the basis of the suit occurred in this District," and therefore deny the same. Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Dominique Jewett's current residence and consequently deny the same.  The remaining allegations in Section III, Paragraph 7 call for legal conclusions to which no response is required. To the extent a response is required, Defendants do not dispute that venue is proper in the Northern District of Texas.

## IV.     COVERAGE

8.     Answering Section IV, Paragraph 8 of the Complaint, Defendants state that the allegations in Section IV, Paragraph 8 constitute legal conclusions and purported definitions that require neither an admission nor denial. Defendants lack sufficient knowledge or information to form a belief as to what Plaintiff means by the phrase "[a]t all material times, Defendants have acted, directly or indirectly, in the interest of an employer or joint employer" and on that basis deny the allegations contained in Section IV, Paragraph 8 of the Complaint.

9.     Answering Section IV, Paragraph 9 of the Complaint, Defendants state that the allegations in Section IV, Paragraph 9 constitute legal conclusions and purported definitions that require neither an admission nor denial.

10.    Answering Section IV, Paragraph 10 of the Complaint, Defendants state that the allegations in Section IV, Paragraph 10 constitute legal conclusions and purported definitions that require neither an admission nor denial.

11.    Answering Section IV, Paragraph 11 of the Complaint, Defendants state that the allegations in Section IV, Paragraph 11 constitute legal conclusions and purported definitions that require neither an admission nor denial.

12.    Answering Section IV, Paragraph 12 of the Complaint, Defendants deny the allegations contained therein.

## V.     FACTUAL FLSA ALLEGATIONS

13.    Answering Section V, Paragraph 13 of the Complaint, Defendants admit that they have had business operations in Texas and their annual gross volume of sales, individually and collectively, made or business done exceeds $500,000.00 per year at all times relevant to this lawsuit.

14.     Answering Section V, Paragraph 14 of the Complaint, Defendants admit Plaintiff Dominique Jewett worked as a Service Coordinator for Centene Company of Texas, L.P. within the last three years, commencing in approximately June 2011.  Defendants deny the remaining allegations contained in Section V, Paragraph 14.

15.     Answering Section V, Paragraph 15 of the Complaint, Defendants admit only that Plaintiff worked as a Service Coordinator.  Defendants deny the remaining allegations contained in Section V, Paragraph 15.

16.     Answering Section V, Paragraph 16 of the Complaint, Defendants deny the allegations contained in Section V, Paragraph 16.

17.     Answering Section V, Paragraph 17 of the Complaint, Defendants admit that Plaintiff was paid on a salary basis with no overtime. Defendants aver that Plaintiff was not entitled to overtime pay. Defendants deny the remaining allegations contained in Section V, Paragraph 17.

18.     Answering Section V, Paragraph 18 of the Complaint, Defendants admit Plaintiff was classified as exempt from federal overtime laws. Defendants deny the remaining allegations contained in Section V, Paragraph 18.

## VI.     COLLECTIVE ACTION ALLEGATIONS

19.     Answering Section VI, Paragraph 19 of the Complaint, Defendants state that the allegations in Section VI, Paragraph 19 constitute legal conclusions and require neither an admission nor denial. To the extent that an answer is required, Defendants admit only that Plaintiff purports to assert an action on behalf of herself and "similarly situated" individuals. Defendants deny that they engaged in any conduct that would subject them to liability or which would entitle Plaintiff or any other individual to damages. Defendants further deny any claim or

implication by Plaintiff that this action may be appropriately maintained as a collective action or that there are others similarly situated to Plaintiff. Defendants deny all remaining allegations contained in Section VI, Paragraph 19.

20. Answering Section VI, Paragraph 20 of the Complaint, Defendants state that the allegations in Section VI, Paragraph 20 constitute legal conclusions and require neither an admission nor denial. To the extent that an answer is required, Defendants admit only that Plaintiff purports to assert an action on behalf of herself and "similarly situated" individuals. Defendants deny that they engaged in any conduct that would subject them to liability or which would entitle Plaintiff or any other individual to damages. Defendants further deny any claim or implication by Plaintiff that this action may be appropriately maintained as a collective action or that there are others similarly situated to Plaintiff. Defendants deny all remaining allegations contained in Section VI, Paragraph 20.

21. Answering Section VI, Paragraph 21 of the Complaint, Defendants deny the allegations therein.

## VII.   CAUSE OF ACTION:  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

22. Answering Section VII, Paragraph 22 of the Complaint, Defendants state that the allegations in Section VII, Paragraph 22 constitute legal conclusions and require neither an admission nor denial. To the extent that an answer is required, Defendants deny the allegations contained therein.

## VIII.   RELIEF SOUGHT

Answering Section VIII of the complaint, Defendants deny that Plaintiff is entitled to any of the relief requested in Section VIII or to any relief at all, from Defendants.

## AFFIRMATIVE AND OTHER DEFENSES

Without admitting any allegations asserted in the Complaint, Defendants assert the following affirmative and other defenses. Nothing stated in any of the following defenses constitutes a concession that Defendants bear any burden of proof on any issue that they would not otherwise bear such burden. Defendants further reserve the right to assert other affirmative and additional defenses and/or otherwise to supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

### FIRST DEFENSE

Plaintiff and/or the putative class members were compensated at all times in accordance with applicable FLSA requirements.

### SECOND DEFENSE

Plaintiff's claims and/or those of some or all of the putative class members are barred, in whole or in part, by the applicable limitations periods. To the extent that the period of time alluded to in the Complaint, or the period of time alleged later in this action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a), such claims of Plaintiff and/or those of the putative class members are barred.

### THIRD DEFENSE

Plaintiff's claims against Defendant Superior Healthplan, Inc. are barred because it did not employ Plaintiff.

### FOURTH DEFENSE

Plaintiff's claims, including claims for attorneys' fees, are barred, in whole or in part, because she lacks standing to pursue those claims on behalf of herself and/or some or all of the

putative class members, and she cannot adequately represent the interests of the putative class members.

## FIFTH DEFENSE

Plaintiff's claims and/or those of some or all of the putative class members, including claims for liquidated damages, are barred in whole or in part by the provisions of Section 10 and 11 of the Portal-to-Portal Act, 29 U. S. C. §§ 259 and 260, because actions taken in connection with Plaintiff's compensation and exempt status were done in good faith and in conformity with and reliance upon written administrative regulations (specifically, but not limited to, 29 C.F.R. § 541.200 et seq., 541.300, 541.301, and 541.708), orders, rulings, approvals, interpretations, and written and unwritten administrative practices of enforcement policies of the Administrator for the Wage and Hour Division of the United States Department of Labor.

## SIXTH DEFENSE

Plaintiff's claims and/or those of the some or all of the putative class members are barred, in whole or in part, because Defendants at all times acted in good faith to comply with the FLSA, and had reasonable grounds for believing they were in compliance with the FLSA. Defendants assert a lack of willfulness or intent to violate the FLSA as a defense to any claim for liquidated damages made by Plaintiff or any of the putative class members. No act or omission of Defendants which is alleged to violate the FLSA was willful, knowing, or in reckless disregard for the provisions of the law, and Plaintiff and/or the putative class members therefore are not entitled to any extension of the two-year non-willful statute of limitations period under the FLSA.

**SEVENTH DEFENSE**

In calculating overtime liability (if any), Defendants are entitled to exclude all elements of Plaintiff's compensation, and/or that of some or all of the putative class members, that are excludable from an employee's regular rate for purposes of calculating overtime, including but not limited to, those elements that fall within Section 7(e) of the FLSA, 29 U.S.C. § 207(e), and for all time spent on preliminary or postliminary activities excludable from hours worked under 29 U.S.C. § 254 and all other hours which do not constitute hours worked or compensable time under the FLSA.

**EIGHTH DEFENSE**

Plaintiff's claims are not entitled to collective action certification under 29 U.S.C. § 216(b) because Plaintiff is not similarly situated to the putative members of the proposed collective class she purports to represent, and consideration of the exempt status of Plaintiff and each putative member of Plaintiff's proposed class will require an individual fact-specific inquiry into the actual day-to-day duties and activities of each individual.

**NINTH DEFENSE**

Plaintiff's claims, and/or those of some or all of the putative class members, are barred as to all hours allegedly worked of which their employer lacked constructive or actual knowledge.

**TENTH DEFENSE**

Plaintiff's claims, and/or those of some or all of the putative class members, are barred, in whole or in part, to the extent that the work they performed falls within exemptions or exceptions provided under the FLSA, including those exemptions contained in Section 13(a) and/or (b) of the FLSA.

**ELEVENTH DEFENSE**

Defendants are entitled to an offset against any damages awarded for amounts paid to Plaintiff, and/or those of some or all of the putative class members, to which they were not otherwise entitled, including but not limited to wage overpayments.

**TWELFTH DEFENSE**

Plaintiff's claims and/or those of some or all of the putative class members are barred, in whole or in part, under the *de minimis* doctrine and/or because the damages (if any) associated with such claims are too speculative to be permitted.

Defendants reserve the right to file such amended answers and defenses as may become appropriate.

WHEREFORE, Defendants respectfully pray that Plaintiff's Complaint be denied in full and that Defendants may have such other and further relief, both at law and in equity, as to which they may be otherwise entitled.

Dated August 15, 2016		Respectfully submitted,


		/s/ Kimberly R. Miers
		Kimberly R. Miers
		Texas State Bar No. 24041482
		Saba H. Alvi
		Texas State Bar No. 24082324

		LITTLER MENDELSON, P.C.
		A Professional Corporation
		2001 Ross Avenue
		Suite 1500, Lock Box 116
		Dallas, TX  75201.2931
		214.880.8100
		214.880.0181 (Fax)
		kmiers@littler.com
		salvi@littler.com

		ATTORNEYS FOR DEFENDANTS
		SUPERIOR HEALTHPLAN, INC. and
		CENTENE COMPANY OF TEXAS, L.P.

## CERTIFICATE OF SERVICE

      I hereby certify that on the 15th day of August, 2016, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, Dallas Division, using the electronic case filing system of the court. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system as follows:

Jack Siegel
Siegel Law Group PLLC
10440 N. Central Expressway
Suite 1040
Dallas, TX  75231
Jack@siegellawgroup.biz

J. Derek Braziel
J. Forester
Lee & Braziel, LLP
1801 N. Lamar Street, Suite 325
Dallas, TX 75202
jdbraziel@l-b-law.com

                                                 */s/ Kimberly R. Miers*
                                                 Kimberly R. Miers
                                                 Saba H. Alvi

Firmwide:142101918.1 084761.1004